IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TELEPATHY, INC.,

  Plaintiff,

v.

SDT INTERNATIONAL SA-NV,

  Defendant.

Case no. 1:14-cv-01912-BAH

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

On June 15, 2015, Plaintiff Telepathy, Inc. ("Telepathy" or "Plaintiff") filed its First Amended Verified Complaint [Doc.10] against SDT International SA-NV ("SDT" or "Defendant"). The First Amended Verified Complaint seeks actual, statutory and/or punitive damages, attorney's fees and costs, a declaration of the parties' rights, a finding of Plaintiff's lack of bad faith intent under the Anticybersquatting Consumer Protection Act, a finding that Defendant engaged in reverse domain name hijacking under the Anticybersquatting Consumer Protection Act, and a finding that Defendant engaged in fraud, negligent misrepresentation, and breach of contract.

Telepathy and SDT have agreed to the entry of this final judgment and permanent injunction ("Consent Judgment and Permanent Injunction").

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED:**

1. Plaintiff owns the domain name SDT.com.

2. Defendant filed a complaint with the World Intellectual Property Organization seeking transfer of the SDT.com domain name under the Uniform Domain Name Dispute Resolution Policy of the Internet Corporation for Assigned Names and Numbers, *SDT*

*International SA-NV v. Telepathy, Inc.*, No. D2014-1870 (the "UDRP Proceeding").

3. Plaintiff filed this lawsuit seeking a declaration of the parties' rights, a finding of Plaintiff's lack of bad faith intent under the Anticybersquatting Consumer Protection Act, a finding that Defendant engaged in reverse domain name hijacking under the Anticybersquatting Consumer Protection Act, and a finding that Defendant engaged in fraud, negligent misrepresentation, and breach of contract.

4. Plaintiff's interests in respect of the SDT.com domain name are legitimate.

5. Plaintiff did not register or use SDT.com domain name in bad faith and had no bad faith intent to profit from the domain name.

6. Plaintiff's registration and use of the SDT.com domain name was and is lawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(d).

7. Defendant has no claim to the SDT.com domain name and is enjoined from asserting any legal claim to registration or use of the domain name.

8. Pursuant to 15 U.S.C. § 1114(2)(D)(v), the registrar of the SDT.com domain name, Name.com LLC, is hereby enjoined from transferring the SDT.com domain name to Defendant and is ordered to release the SDT.com domain name from any form of locking or disabling based on Defendant's claims in the UDRP Proceeding.

9. Defendant has been properly and validly served with the Summons and Complaint in this action, and is subject to the jurisdiction of the Court for this action.

10. Defendant has waived all right to appeal the Consent Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

11. The claims asserted in the First Amended Complaint are released, and Telepathy

shall not be entitled to any relief of any nature whatsoever related to the claims asserted in the First Amended Complaint, including but not limited to compensatory, statutory, punitive damages or attorney's fees, other than as set forth herein.

**IT IS FURTHER ORDERED AND ADJUDGED pursuant to Rule 54, Federal Rules of Civil Procedure,** that judgment is hereby entered in favor of Telepathy and against Defendant in the amount of fifty thousand dollars ($50,000.00) representing Telepathy's actual and/or statutory damages, attorney's fees, and costs associated with this action and the UDRP Proceeding, and Defendant shall deliver payment to Telepathy within ten calendar days of entry of this Consent Judgment and Permanent Injunction.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Consent Judgment and Permanent Injunction, the enforcement thereof, or the punishment of any violations thereof.

**IT IS FURTHER ORDERED AND ADJUDGED** that the prevailing party in any proceeding to enforce the terms of this Consent Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

The undersigned hereby stipulate to the above facts and conclusions and consent to the entry of this Consent Judgment and Permanent Injunction, which may be signed in counterparts. Signatures can be obtained and exchanged by scanned copy and/or facsimile.

**IT IS SO STIPULATED AND ORDERED.**

DATED: 7/9/2015         TELEPATHY, INC.

                        By: _____
                        Attison L. Barnes, III (DC Bar No. 427754)
                        David E. Weslow (DC Bar No. 480713)
                        WILEY REIN LLP
                        1776 K St. NW
                        Washington, DC 20006
                        (202) 719-7000 (phone)
                        abarnes@wileyrein.com
                        dweslow@wileyrein.com

                        *Attorneys for Telepathy, Inc.*

                        SDT INTERNATIONAL SA-NV

DATED: 7/8/2015         By: _____
                        David Ludwig (D.C. Bar 975891)
                        Thomas M. Dunlap (D.C. Bar 471319)
                        DUNLAP BENNETT & LUDWIG PLLC
                        211 Church Street SE
                        Leesburg, VA 20175
                        Phone: 703-777-7319
                        Fax.: 703-777-3656
                        dludwig@dbllawyers.com

                        *Attorneys for SDT International SA-NV*

**PURSUANT TO STIPULATION AND RULE 54, FEDERAL RULES OF CIVIL PROCEDURE, IT IS SO ORDERED AND ADJUDGED.**

DATED: July 9, 2015                _____
                                   Honorable Beryl A. Howell
                                   United States District Judge

4